# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Statesboro Division

**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cramirez at 3:32 pm, Oct 21, 2010

| | |
|---|---|
| In the matter of: ) | |
| ) | |
| HERBERT M. BARBER, JR. ) | |
| (Chapter 7 Case Number <u>09-60996</u>) ) | |
| ) | |
| *Debtor* ) | |
| | |
| ) | |
| ANNE R. MOORE, TRUSTEE ) | Adversary Proceeding |
| ) | Number <u>10-6002</u> |
| *Plaintiff* ) | |
| ) | |
| v. ) | |
| ) | |
| ROBIN H. TURNER ) | |
| ) | |
| *Defendant* ) | |

## MEMORANDUM AND ORDER
## ON TRUSTEE'S MOTIONS FOR SUMMARY JUDGMENT

### FINDINGS OF FACT

On October 30, 2009, Herbert M. Barber, Jr. ("Debtor") filed Chapter 7 with this Court. Petition, Case No. 09-60996, Dckt. No. 1. The Court appointed Anne R. Moore as trustee (the "Trustee") on October 30, 2009. Defendant Robin Turner ("Turner") worked for Debtor's wholly owned corporation, Seminole Southern (formerly known as HB Technologies), starting in January of 2004. Turner's Deposition, Dckt. No. 19, pp. 4, 5. During that time, she rose to the position of Vice President and Chief Financial Officer. Id.

at p. 5. Turner stopped receiving paychecks in October of 2008, but she continued to work for Seminole Southern without pay. Id. at pp. 7, 13. Turner is also Debtor's wife, having been married on July 19, 2008. Id. at p. 4. On December 23, 2008, Debtor—in his individual capacity—wrote a $20,000.00 check to Turner, which she cashed on June 1, 2009. Id. at Exh. 2; Stipulated Facts, Dckt. No. 25-1, ¶¶ 1, 2 (August 30, 2010). Turner stated in her deposition that the transfer was made on account of work done by her for Seminole Southern. Turner's Deposition, Dckt. No. 19, p. 9. Turner claimed that even after she stopped collecting a paycheck, she provided services to Seminole Southern, the value of which exceeded $20,000.00. Id. at p. 8. Because this transfer was within two years before the petition date, the Trustee argues that this transfer is fraudulent under 11 U.S.C. § 548(a)(1)(B) and is therefore voidable by the Trustee.

On January 12, 2010, the Trustee commenced an adversary proceeding against Turner to recover the $20,000.00 transfer. Complaint, Dckt. No. 1. Turner, through counsel, answered the complaint on February 9, 2010, arguing that she gave new value for the transfer. Answer, Dckt. No. 6. On July 12, 2010, the Trustee filed a Motion for Summary Judgment, making all necessary citations to Turner's deposition and other evidence in the record. Motion, Dckt. No. 20. Later in July of 2010, Turner discharged her attorney and proceeded *pro se*. Order, Dckt. No. 22 (July 27, 2010). On August 2, 2010, Turner timely filed her response to the Trustee's Motion for Summary Judgment. Response, Dckt. No. 24. The parties filed a consolidated pretrial order with stipulated facts on August 30, 2010. Pretrial Order, Dckt. No. 25.

## CONCLUSIONS OF LAW

A. Standard of Review

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 (Summary Judgment) applicable in adversary proceedings such as this one. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party has the burden of demonstrating that there is no dispute as to any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 156 (1970).

> Once this burden is met, the nonmoving party must present specific facts that demonstrate that there is a genuine dispute over material facts. Finally, a court reviewing a motion for summary judgment must examine the evidence in light most favorable to the non-moving party, and all reasonable doubts and inferences should be resolved in the favor of the non-moving party.

In re Williamson, 414 B.R. 895, 899 (Bankr. S.D. Ga. 2009) (Davis, J.) (citing In re Davis, 374 B.R. 362, 364 (Bankr. S.D. Ga. 2006) (Davis, J.)).

B. Elements of 11 U.S.C. § 548(a)(1)(B)

11 U.S.C. § 548(a)(1)(B) provides that:

> (a)(1)The trustee may avoid any transfer . . . that was made
> . . . on or within 2 years before the date of the filing of the
> petition, if the debtor voluntarily or involuntarily–
>
> . . .
>
> (B)(i) received less than a reasonably equivalent
> value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer
> was made or such obligation was incurred, or became
> insolvent as a result of such transfer or obligation; [or]
>
> . . .
>
> (IV) made such transfer to or for the benefit of an
> insider, or incurred such obligation to or for the benefit of
> an insider, under an employment contract and not in the
> ordinary course of business.

In short, the Trustee must prove in this case: that the transfer happened within two years of the petition date; that Debtor received less than reasonable equivalent value; and, because § 548(a)(1)(B)(ii) is written in the disjunctive, either that Debtor was insolvent[1] at the time of the transfer, or that the transfer was to an insider[2] under an employment contract and out of the ordinary course of business.

---

[1] "The term 'insolvent' means—
(A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—
    (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and
    (ii) property that may be exempted from property of the estate under section 522 of this title . . . ."

11 U.S.C. § 101(32)

[2] "The term 'insider' includes—
(A) if the debtor is an individual—
    (i) relative of the debtor or of a general partner of the debtor;
    (ii) partnership in which the debtor is a general partner;
    (iii) general partner of the debtor; or
    (iv) corporation of which the debtor is a director, officer, or person in control . . . ."

11 U.S.C. § 101(31)

### C. The Trustee has Proved All the Elements

The Trustee has carried this burden. First, both the issuing and the cashing of the check occurred within two years of the petition date. <u>Turner's Deposition</u>, Dckt. No. 19, Exh. 2. This is enough to prove the first element. 11 U.S.C. § 548(a)(1).

Second, Turner admitted that the $20,000.00 transfer from Debtor was not compensation for any work she did for him, but rather work she did for Seminole Southern. <u>Id.</u> at p. 9. Because this is outside Debtor's ordinary course of business—it is within Seminole Southern's ordinary course of business, but she was paid by Debtor in his individual capacity—and because Turner is a relative of Debtor,[3] this satisfies both the second and third elements.[4] 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(IV). Turner has alleged in the pretrial order that because Debtor owed a substantial debt to Seminole Southern, this transfer from Debtor to Turner reduced his debt by $20,000.00 and therefore he received indirect economic benefit and reasonably equivalent value. This argument contravenes Turner's sworn testimony that Seminole Southern owed Debtor $105,644.00 at the beginning

---

[3]"The term 'relative' means individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree." 11 U.S.C. § 101(45).

"The definition of 'relative' does not explicitly state 'and shall include the spouse,' . . . . The phrase is unnecessary as an 'individual related by affinity' describes an individual related by marriage—thus, the individual's spouse, is, of course, included." 2 COLLIER ON BANKRUPTCY ¶ 101.45 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[4]I note that because § 548(a)(1)(B)(ii) is written in the disjunctive, this conclusion is enough to satisfy the test provided in § 541(a)(1). However, even if the transfer was not made to an insider under an employment contract outside the ordinary course of business, I would still find the transfer fraudulent because Debtor was insolvent at the time of the transfer.

of the 2008 tax year, and that Debtor loaned the company $400,000.00 more during that year. Turner's Deposition, Dckt. No. 19, pp. 14-15.

Third, Turner stated that Debtor incurred an income loss of $476,828.00 in December of 2008 (id. at p. 18), Debtor's schedules show that Debtor was insolvent by more than $435,000.000 at the time of the petition (Summary of Schedules, Case No. 09-60996, Dckt. No. 1, p. 7), and Turner stated that Debtor acquired no assets between the time of the transfer in question and the time of the petition, when she was certain he was insolvent. Turner's Deposition, Dckt. No. 19, p. 22. This is enough to once again satisfy the third element. 11 U.S.C. § 548(a)(1)(B)(ii)(I). Accordingly, the elements of a fraudulent transfer under 11 U.S.C. § 548 (a)(1)(B) have been established.

Turner's response omits an affidavit or citation to any facts in the record whatsoever. Response, Dckt. No. 24 (August 2, 2010). While courts have "provide[d] pro se parties wide latitude when construing their pleadings and papers," that only means that "[w]hen interpreting the pro se papers, the Court should use common sense to determine what relief the party desires." S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). Turner stated in her response that she "worked for the Debtor 40 to 60 hours per week without just and normal compensation" and that she "was paid said $20,000.00 for services rendered . . . ." Response, Dckt. No. 24, ¶¶ 9, 10.

This assertion directly contravenes her sworn deposition testimony. In her

deposition, Turner plainly states that "all of [her] work was for the corporation," and that the $20,000.00 from Debtor individually was for services she performed for the company. Turner's Deposition, Dckt. No. 19, p. 9. Turner has made conflicting statements to this Court, her deposition under oath and the other in an unsworn statement made in response to the Trustee's Motion for Summary Judgment after she discharged her counsel.

Turner clearly declared under oath that all of her work was done for the company. That, when paired with the timing of the transfer, Debtor's insolvency at the time of the transfer, and Turner's familial relationship with Debtor, leaves no issue of material fact to be decided.

ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Movant's Motion for Summary Judgment is GRANTED. Judgment shall be entered in favor of the Trustee and against Defendant Robin H. Turner in the amount of $20,000.00.

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 20 day of October, 2010.

AO 72A
(Rev. 8/82)

7